UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:

_____

RACHEL RENA MADDUX,
        Debtor,

v.

MIDLAND CREDIT MANAGEMENT, INC., as
Agent for MIDLAND FUNDING, LLC,
        Creditor.

_____

Contested Matter
Case No. 15-33574-KRH
Chapter 13

JEFFREY A. LIGHT,
        Debtor,

v.

MIDLAND CREDIT MANAGEMENT, INC., as
Agent for MIDLAND FUNDING, LLC,
        Creditor.

_____

Contested Matter
Case No. 15-33590-KRH
Chapter 13

DIANNE R. PETERSON,
        Debtor,

v.

MIDLAND CREDIT MANAGEMENT, INC., as
Agent for MIDLAND FUNDING, LLC,
        Creditor.

_____

Contested Matter
Case No. 15-34358-KRH
Chapter 13

RAY P. BLAHA,
        Debtor,

v.

MIDLAND CREDIT MANAGEMENT, INC., as
Agent for MIDLAND FUNDING, LLC,
        Creditor.

_____

Contested Matter
Case No. 15-34453-KRH
Chapter 13

CALVIN A. JOHNSON,
    Debtor,

v.

MIDLAND CREDIT MANAGEMENT, INC., as
Agent for MIDLAND FUNDING, LLC,
    Creditor.

Contested Matter
Case No. 15-35437-KRH
Chapter 13

---

PATRICIA A. JONES,
    Debtor,

v.

MIDLAND CREDIT MANAGEMENT, INC., as
Agent for MIDLAND FUNDING, LLC,
    Creditor.

Contested Matter
Case No. 15-36032-KRH
Chapter 13

---

## PRETRIAL ORDER

Before the Court are Contested Matters in the six captioned chapter 13 bankruptcy cases. These Contested Matters involve related objections to proofs of claim that had been filed separately in each of the underlying chapter 13 cases by Midland Credit Management, Inc., as Agent for Midland Funding, LLC. (the "Claim Objections"). As the Claim Objections raise common issues of law and fact, the parties requested at a hearing conducted on July 13, 2016, that the Court consolidate the Contested Matters for purposes of trial.

In consideration whereof, IT IS HEREBY ORDERED that the following procedures shall govern and the following schedule apply to these consolidated Contested Matters. Failure to comply with this Order shall result in appropriate sanctions.

    1.    The Contested Matters are hereby consolidated for purposes of trial (the "Consolidated Contested Matters").

2. The Trial of these Consolidated Contested Matters shall be conducted in the United States Bankruptcy Court, Room 5000, U.S. Courthouse, 701 East Broad Street, Richmond, Virginia, on **October 13, 2016** (the "Trial Date"), at **10:00 a.m.**

3. All Court filings in these Consolidated Contested Matters shall be filed with the Court on the docket of *Rachel R. Maddux v. Midland Credit Management, Inc., as Agent for Midland Funding, LLC,* Case No. 15-33574 using the following caption:

RACHEL RENA MADDUX, *et al.*
    Debtors,

v.

MIDLAND CREDIT MANAGEMENT, INC., as
Agent for MIDLAND FUNDING, LLC,
    Creditor.

Consolidated Contested Matters
Case Nos. 15-33574, 15-33590.
    15-34358, 15-34453,
    15-35437, 15-36032

4. This Order amends and supersedes the Pretrial Orders previously entered in the Contested Matters of *Rachel R. Maddux v. Midland Credit Management, Inc., as Agent for Midland Funding, LLC,* Case No. 15-33574, and *Jeffrey A. Light v. Midland Credit Management, Inc., as Agent for Midland Funding, LLC,* Case No. 15-33590.

5. To the extent the parties have not made the pretrial disclosures required under Rule 7026(a)(1) of the Federal Rules of Bankruptcy Procedure in any of the Consolidated Contested Matters, they shall do so within 14 days following the entry of this Order.

6. On or before 21 days prior to the Trial Date counsel for the parties shall meet at a mutually convenient location and make a good faith effort to narrow the issues in the trial and to enter into written stipulations of any uncontroverted facts (the "Stipulation"). The Stipulation (or in lieu thereof, a joint statement of counsel that no agreement as to any uncontroverted facts could be reached) shall be filed with the Court on or before 14 days prior to the Trial Date.

7.      Discovery shall be completed on or before 21 days prior to the Trial Date.

8.      All motions for summary judgment and all other dispositive motions must be filed no later than 35 days prior to the Trial Date.

9.      The parties shall make the disclosures of expert testimony required by Rule 7026(a)(2) of the Federal Rules of Bankruptcy Procedure no later than 45 days prior to the Trial Date, or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 7026(a)(2)(B) of the Federal Rules of Bankruptcy Procedure, on or before 21 days after the disclosure made by the other party.

10.      On or before 14 days prior to the Trial Date, counsel for the parties shall file with the Clerk a list of proposed exhibits and the proposed exhibits. The exhibits shall be filed in accordance with the attached instructions which are hereby incorporated and made a part of this order.

11.      Objections to any of the proposed exhibits shall be filed on or before 7 days prior to the Trial Date. Exhibits to which no timely objection has been made will stand as admitted into evidence.

12.      Counsel for the Debtors shall file a list of witnesses in accordance with Rule 7026(a)(3)(A) of the Federal Rules of Bankruptcy Procedure that Debtors intend to call to testify at trial on or before 14 days prior to the Trial Date; and counsel for the Creditor shall file a list of witnesses in accordance with Rule 7026(a)(3)(A) of the Federal Rules of Bankruptcy Procedure that Creditor intends to call at trial not later than 10 days prior to the Trial Date. Counsel for the Debtors may file a list of rebuttal witnesses on or before 7 days prior to the Trial Date.

13.      Counsel for the parties shall file a designation of those witnesses whose testimony is expected to be presented by means of a deposition and a redacted transcript of the pertinent

portions of the deposition testimony on or before 14 days prior to the Trial Date. Any other party may file counter designations of the redacted portions of the deposition transcript they deem relevant not later than 10 days prior to the Trial Date. Objections to the use under Rule 7032(a) of the Federal Rules of Bankruptcy Procedure of a deposition so designated by another party shall be filed on or before 7 days prior to the Trial Date.

14. Should a settlement be reached, counsel shall immediately file any motion required by Rule 9019 of the Federal Rules of Bankruptcy procedure for approval of the settlement (the "Rule 9019 Motion"). Counsel shall schedule a hearing to be conducted not later than 28 days after the Trial Date to consider any Rule 9019 Motion and for presentation of a final order.

15. It is the responsibility of all counsel to be thoroughly acquainted with and follow the procedures set forth in the statutes, the national and local bankruptcy rules, and the requirements of the judge.

16. Any party not consenting to the entry of a final order by the Bankruptcy Judge shall file a Motion to withdraw the reference or for other appropriate relief within 30 days of the entry of this Pretrial Order and shall promptly set the matter for a hearing. The failure to comply with the terms of this paragraph shall be deemed to constitute consent to the entry of final orders by the Bankruptcy Judge.

17. The Clerk shall forward a copy of this Order to all counsel of record.

18. Let the Clerk docket a copy of this Order in each of the above-captioned bankruptcy cases.

SO ORDERED: __Jul 14 2016__

       /s/Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

5

Entered on Docket: Jul 14 2016

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**INSTRUCTIONS
FOR PREPARING EXHIBIT LIST, PREMARKING EXHIBITS**

**NOTE:  The following procedures are to be followed in electronic (ECF) cases.**

Exhibits List

The Exhibits List must be typewritten -double spaced - and should briefly describe each Exhibit to be introduced at trial.

Exhibits

Each Exhibit should be numbered on a colored adhesive label, in accordance with the following:

| | |
|---|---|
| PLAINTIFF* | YELLOW - numerically beginning No. 1 |
| DEFENDANT* | BLUE - alphabetically, e.g., A, B, C, . . AA, AB, etc. |
| GOVERNMENT | YELLOW - numerically beginning No. 101 |

*In cases with more than one party, please identify the appropriate party on each Exhibit.

The adhesive labels should be affixed at the bottom of the Exhibit.  Exhibits must be numbered to correspond with the numbers assigned on the Exhibits List to such Exhibit.

Exhibits should be letter size (8½" x 11"), photo-reduced if necessary, pursuant to Local Rule 5005-1(C)(3).

If an Exhibit is a small document, such Exhibit must be stapled to a sheet of standard sized paper, and the Exhibit label affixed to the bottom of the sheet of paper.  In the case of a group of photographs or checks, please affix a separate label to each photograph or check, and number as follows:

| | |
|---|---|
| PLAINTIFF- | 1-A, 1-B, 1-C, etc. |
| DEFENDANT- | A-1, A-2, A-3, etc. |
| GOVERNMENT- | 101-A, 101-B, 101-C, etc |

The marked Exhibits must be firmly bound and tabbed.  The originals and two copies of both the Exhibits and Exhibits List should be filed with the Court by the date set in the Pretrial Order.  Sufficient copies should be available for each opposing counsel.

It is desirable that counsel stipulate as to the admissibility of as many Exhibits as possible, so that such Exhibits may be admitted into evidence at the beginning of trial.